UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON S. CHAND,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALTA CALIFORNIA REGIONAL CENTER, et al.,<br><br>　　　　Defendants. | Case No. 2:23-CV-1583-DC-SCR<br><br>ORDER RE: MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS AND TO SUBMIT SECOND AMENDED COMPLAINT |

　　　　Presently before the Court is a motion to permit Plaintiff to electronically file her Second Amended Complaint (SAC), to have electronic access to her case's docket, and to e-file documents in this case moving forward. ECF No. 20. Plaintiff is proceeding in this action without the assistance of counsel.[1]

　　　　On December 9, 2024, this Court issued Findings and Recommendations for District Judge Dena M. Coggins to grant in part Defendants' motion to dismiss the First Amended Complaint in this action, with leave to amend certain causes of action. ECF No. 15. On December 23, 2024, Defendants filed objections to the Findings and Recommendations. ECF No.

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(21).

1

16. On January 8, 2025, Plaintiff filed an SAC.  ECF No. 17.  Pursuant to objections filed on January 14, 2025, this Court struck the SAC on January 15 and ordered Plaintiff not to file an SAC "unless with Defendant's consent or by order of the District Judge."  ECF Nos. 18-19.  As of this order, the District Judge has not adopted the Findings and Recommendations.

Plaintiff argues that she only learned about Defendant's objections to the Findings and Recommendations after receiving their objections to the previously filed SAC.  ECF No. 20 at 1-2.  In general, she asserts that she has only learned about the Court and Defendants' prior filings a week after such filing, effectively shortening how long she has to respond.  *Id.* at 2.

Plaintiff further asserts that she has had an ongoing medical emergency since filing her stricken SAC.  *Id.*  She argues that between her surgery on January 31, 2025, and the months of recovery thereafter, the lack of electronic filing has been and will remain a significant barrier to pursuing this action.  *Id.*  Plaintiff therefore seeks leave to electronically file her SAC, and to access this case's docket on CM/ECF so she can electronically file documents and read any filings in this action that she does not currently know about.  *Id.*

As to the SAC, the Court found Plaintiff's previous attempt to file it improper because the Court had not ordered her to file one and Defendants did not grant leave to do so.  ECF No. 19. Plaintiff asserts that she complied with the Court's order to file an SAC within 30 days of the Findings and Recommendations.  ECF No. 20 at 2.  Until and unless District Judge Coggins adopts the Findings and Recommendations, Plaintiff is not so ordered to file an SAC.  *See* ECF No. 19.

As to electronically filing documents, the Court observes that Plaintiff has experienced no apparent difficulty filing.  The Court filed the aforementioned Findings and Recommendations on December 9, 2024, and Plaintiff filed her original SAC on January 8, 2025.  ECF Nos. 15, 17. Plaintiff filed her SAC to comply with a 30-day deadline that she believed the Findings and Recommendations imposed.  ECF No. 20 at 2.  Any difficulties Plaintiff faced did not prevent her from complying with this perceived deadline.  Plaintiff fails to provide sufficient details about her medical emergency to demonstrate that it would affect her ability to timely meet deadlines.

2

The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." *See* Local Rule 133(b)(2). Plaintiff's motion for electronic case filing does not provide good cause for deviance from this Local Rule. Thus, Plaintiff's motion to e-file is denied with respect to utilizing the CM/ECF system to file documents. Plaintiff will continue to file paper documents with the Court through conventional means.

However, the Court is amenable to allowing Plaintiff to receive service of documents by electronic means. Should she wish to take advantage of this, Plaintiff may file a request to receive service of documents at her email address. If Plaintiff files such a request, the Court will direct the Clerk of the Court configure Plaintiff's account so that she will receive immediate email notifications when documents are filed in the case. In doing so, Plaintiff will consent to receive service of documents electronically and will waive the right to receive service by first class mail under FRCP 5(b)(2)(D).

**ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for leave to file an SAC is DENIED;
2. Plaintiff's motion for leave to e-file documents in this case and electronically access the docket is DENIED; and
3. Plaintiff may submit a request to allow for electronic service by email, as instructed above.

Dated: February 6, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3