UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON S. CHAND,<br><br>Plaintiff,<br><br>v.<br><br>LORI LYNN RICH-BANALES, et al.,<br><br>Defendants. | No.  2:23-cv-01583-DC-SCR (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc Nos. 5, 15) |

Plaintiff is proceeding *pro se* in this action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 9, 2024, the magistrate judge filed findings and recommendations recommending that the court grant Defendants' motion to dismiss Plaintiff's Fair Employment and Housing Act ("FEHA") claims against all Defendants, Plaintiff's 42 U.S.C § 1981 claims against Defendants Jennifer Lynn Crick and Lori Lynn Rich-Banales, Plaintiff's § 1981 hostile work environment and non-employment-based claims against Defendants Philip J. Bonnet and Alta California Regional Center ("ACRC"), and all claims against Defendant ACRC, Board of Directors. (Doc. No. 15.) The pending findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.* at 29–30.) On December 23, 2024, Defendants filed objections to the pending findings and recommendations. (Doc. No. 16.)

1

In their objections, Defendants argue, in part, that the magistrate judge erred in finding no mediation privilege applies to statements made by Defendant Bonnet and a mediator during a mediation with Plaintiff. (Doc. No. 16 at 17–21.) Defendants argue that the federal mediation privilege adopted by *Folb v. Motion Picture Indus. Pension & Health Plans*, 16 F. Supp. 2d 1164 (C.D. Cal. 1998) applies in this case. (*Id.*) In *Folb*, the district court articulated a federal common law mediation privilege, prohibiting the use of information exchanged during mediation. *See Folb*, 16 F. Supp. 2d at 1180 ("On the facts presented here, the [c]ourt concludes that communications to the mediator and communications between parties during the mediation are protected."). Defendants further argue that under Federal Rule of Evidence 501, the court should look to the mediation privilege provided by California state law. (*Id.*) Specifically, Defendants argue the mediation privilege provided by California Evidence Code section 1119 applies. (*Id.*) California Evidence Code section 1119 provides that "[n]o evidence of anything said or any admission made for the purpose of, in the course of, or pursuant to, a mediation or a mediation consultation is admissible or subject to discovery" and "[a]ll communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation shall remain confidential." Cal. Evid. Code § 1119.

The mediation privilege adopted in *Folb* applies only to a formal mediation proceeding before a neutral mediator. *See Folb*, 16 F. Supp. 2d at 1180 ("[T]he mediation privilege adopted today applies only to information disclosed in conjunction with mediation proceedings with a neutral.") Likewise, California Evidence Code section 1119 applies to mediations with a "neutral person." *See* Cal. Evid. Code § 1115. Here, Plaintiff alleges that the mediation at issue was not before a neutral mediator. (*See* Doc. No. 4 at 11.) Therefore, the court concludes that Defendants' objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Defendants' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

1         Accordingly, IT IS HEREBY ORDERED that:
2         1.   The findings and recommendations filed December 9, 2024 (Doc. No. 15) are
3              ADOPTED in full;
4         2.   Defendants' motion to dismiss (Doc. No. 5) is GRANTED in part and DENIED in
5              part as follows:
6              a. GRANTED as to Plaintiff's claims against Defendant ACRC, Board of
7                 Directors without leave to amend;
8              b. GRANTED as to Plaintiff's Fair Employment and Housing Act ("FEHA")
9                 claims against all Defendants with leave to amend;
10             c. GRANTED as to Plaintiff's 42 U.S.C. § 1981 claims against Defendants
11                Jennifer Lynn Crick and Lori Lynn Rich-Banales with leave to amend;
12             d. GRANTED as to Plaintiff's 42 U.S.C. § 1981 hostile work environment claim
13                against Defendants Philip J. Bonnet and ACRC with leave to amend;
14             e. GRANTED as to Plaintiff's 42 U.S.C. § 1981 non-employment-based claim
15                against Defendants Philip J. Bonnet and ACRC with leave to amend;
16             f. DENIED as to Plaintiff's 42 U.S.C. § 1981 retaliation claim against
17                Defendants Philip J. Bonnet and ACRC with leave to amend;
18             g. DENIED as to Plaintiff's 42 U.S.C. § 1981 constructive discharge claim
19                against Defendants Philip J. Bonnet and ACRC with leave to amend;
20        3.   Within thirty (30) days from the date of this order, Plaintiff shall file a second
21             amended complaint, or alternatively, file a notice of her intent to proceed with the
22             remaining claims in her first amended complaint; and
23   /////
24   /////
25   /////
26   /////
27   /////
28   /////

3

4.     This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:  **October 3, 2025**

_____
Dena Coggins
United States District Judge

4