**FILED**

DEC 0 9 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
　　　　　DEPUTY CLERK

SHARON S. CHAND
3074 Copper Rose Walk
Sacramento, California 95833
Email: Sharon.S.Chand@gmail.com
Voicemail: 408.931.3574

### IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON S. CHAND,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>LORI LYNN RICH-BANALES, an individual; PHILIP J. BONNET, an individual; JENNIFER LYNN CRICK, an individual; ALTA CALIFORNIA REGIONAL CENTER; an organization,<br><br>　　　　　Defendants. | Case No. 2:23-cv-01583-DC-SCR (PS)<br><br>**MOTION FOR DEFAULT JUDGEMENT**<br><br>---<br><br>Complaint Filed:　August 1, 2023<br>FAC Filed:　　October 5, 2023<br>SAC Filed:　　November 3, 2025<br>Trail Date:　　Not Assigned |

　　　　　The Plaintiff, Pro Se, respectfully submits her Motion for Default Judgment in response to the Defendant's Notice of Motion for Extension of Time to File Responsive Pleading. The Defendants missed their November 24, 2025, responsive pleading deadline. The Defendants moved to file their motion on 12/03/2025 for an extension, after an earlier, unsuccessful attempt, to deceive the Plaintiff into granting them an extension of (15) days.

　　　　　The Plaintiff provides a timeline of events that occurred between 12/02/2025 through 12/07/2025 (with email exchanges between both parties), to show the Court the Counsel's bad faith efforts to deceive the Plaintiff, and hide the true cause of the missed deadline to file their answer to Plaintiff's Second Amended Complaint (SAC).

Page 1

---

MOTION FOR DEFAULT JUDGEMENT - CASE NO: 2:23-CV-01583-DC-SCR (PS)

## MR. MARSENOVIC AND MS. DUFFY'S CALL AND EMAIL TO PLAINTIFF

On December 2, 2025, Mr. Mark Marsenovic called and left a voicemail for Plaintiff at her cell phone number at 11:22AM, requesting a call back. The plaintiff listened to the voicemail and promptly called Mr. Marsenovic. Mr. Marsenovic informed Plaintiff he needed to "fix deficiencies" with Plaintiff's complaint because it was "not in-line with the Judge's order". Mr Marsenovic proceeded to tell Plaintiff he needed to "fix deficiencies" with the Plaintiff's filing with the court and if she (Plaintiff) would be agreeable to a (15) day extension.

The plaintiff was perplexed by Mr. Marsenovic's request. Prior to the call, Plaintiff had no communication with Mr. Marsenovic. Plaintiff asked what exactly were the "deficiencies" with her filing with the court and why would he not reach out directly to the Judge. Mr. Marsenovic told Plaintiff in an effort to save time and money, he was reaching out to her. Plaintiff informed Mr. Marsenovic she is without counsel and representing herself and was not sure what exactly he was asking.

Mr. Marsenovic told Plaintiff to look up California Rules of Court 3.110 and give him a decision. The plaintiff was working at the time and ended the call with Mr. Marsenovic. At 3:41PM, Mr. Marsenovic sent an email to Plaintiff's email account, and copied attorney Maureen Duffy. The plaintiff was not aware of Ms. Duffy (or Mr. Marsenovic) prior to the call on 12/02/2025. Mr. Marsenovic informed Plaintiff in his email, "We have double-checked the file, and PACER, and it appears that the Second Amended Complaint has not yet been served onto Defendants". Mr. Marsenovic also informed Plaintiff a proof of service was not filed through PACER either. (Exhibit A).

Mr. Marsenovic's email to Plaintiff was simply not true. Plaintiff had timely filed her SAC on 11/03/2025 with the Clerk of the Court. Plaintiff has made a request to the Court for

Page 2

medical reasons to file electronically via PACER and this request was denied. Plaintiff had surgery on her right foot (driving) to remove broken bone and repair a complete achilles tendon rupture. To ensure she met the deadline of 11/03/2025, Plaintiff had made arrangements for a ride so she herself could personally file the SAC. Plaintiff received an email confirmation from On Demand Legal (ODL) services that served the SAC to designated counsel, Ms. Kaitlyn L. Lavaroni and Ms. Jillian P. Vallejo. (Exhibit B).

On 09/29/2025, Plaintiff received an email from JACKSON LEWIS P.C., with Notice of Designation of Counsel for Defendants. Previous counsel, Gaurav Bobby Kalra was no longer counsel of record and was removed from the lawsuit. Ms. Kaithlyn L. Lavaroni and Ms. Jillian P. Vallejo, were designated as new counsel for all (4) defendants in the lawsuit.

Ms. Lavaroni was identified as the "Lead" counsel for Plaintiff's complaint against all (4) defendants, with Ms. Vallejo serving as "Associate" counsel. The Notice of Designation stated "All pleadings, correspondence, and other case-related information in the future should be served on Ms. Lavaroni and Ms. Vallejo as follows." Plaintiff's SAC was served by On Demand Legal to both Ms. Lavaroni and Ms. Vallejo on 11/3/2025. (Exhibit C)

Plaintiff sent a follow-up email to Mr. Marsenovic, and copied Ms. Duffy, "Are you not the attorneys for the defendants? Should the amended complaint not have been served to you?" (Exhibit B). Plaintiff did not receive a reply from Mr. Marsenovic or Ms. Duffy. Plaintiff again attempted to reach Mr. Marsenovic and Ms. Duffy, "Can you please confirm if the complaint needs to be served to all the defendants listed in the complaint?" Plaintiff did not receive a reply to her second attempt to get clarification about the SAC. (Exhibit A).

Plaintiff immediately reached out to On Demand Legal and inquired about the missing proof of service. Plaintiff was informed there was an extra fee for the business to file the document with the court (after the SAC was served on 11/03/2025); this was a simple

Page 3

1    oversight. Plaintiff promptly paid the fees and the Proof of Service was filed on 12/02/2025.

2

3    **COUNSEL'S FILING WITH THE COURT ON 12/03/2025**

4           On 12/03/2025, at 9:44AM, Ms. Duffy and Mr. Marsenovic sent an email with an

     attachment to Plaintiff. The email informed Plaintiff they were the new designated counsel for
5
     all (4) defendants; Ms. Lavaroni was "no longer counsel of record" and was removed as
6
     counsel in the lawsuit. Plaintiff replied to Ms. Duffy at 9:51AM, "This complaint was already
7
     served 30 days ago. Today is the deadline for your answer to the amended complaint. Am I
8    required to serve you as a new council even though its the same law firm? Please let me know

9    as soon as possible." Plaintiff was under the impression Counsel had the same (30) days to

     reply to her complaint, like she was provided by the Court. Worried about missing any new
10
     deadlines with the court, the Plaintiff directly called Ms. Duffy's office. (Exhibit ).
11
            Ms. Duffy informed Plaintiff the case was transferred to her office in San Jose because
12
     the defendants were looking to resolve the matter quickly. Ms. Duffy stated she was known to
13
     bring a resolution quickly to the satisfaction of both parties. The Plaintiff informed Ms.

14   Duffy, due to recent health concerns, she was receptive to hearing Ms. Duffy. Ms. Duffy

15   insisted she and Plaintiff met right away to discuss "next steps", stating she was also available

16   evenings, including weekends. Plaintiff suggested a month out to buy herself time to first

17   speak with the Judge about "deficiencies" with her filing. Ms. Duffy aggressively pursued a

     date to schedule while on the phone, and Plaintiff agreed on Saturday, 12/13/2025, to get off
18
     the phone. Ms. Duffy stated she will file their responses with the courts while on the phone.
19
            Ms. Duffy followed-up with an email to the Plaintiff with a recap email of their
20
     conversation (Exhibit ). Ms. Duffy then followed-up with a calendar invite for 12/13/2025

     (Exhibit ). At 11:51AM, the Plaintiff received another email from Counsel, this time with
     Page 4

---

MOTION FOR DEFAULT JUDGEMENT - CASE NO: 2:23-CV-01583-DC-SCR (PS)

attachments of their filings with the court. Plaintiff read through the Defendants' Motion for Extension of Time to File Responsive Pleading, requesting for an (30) day extension, Mr. Marsenovic's Declaration, and Proposed Order Granting the Defendant's request for an extension. (Exhibit E)

Plaintiff discovered after reading the attachments that Counsel has missed their 11/24/2025 responsive pleading deadline. Ms. Lavaroni, still the designated lead counsel for defendants on 12/02/2025, did not reach out to Plaintiff in a good faith effort to discuss the missed deadline and ask for an extension. It appears once Ms. Lavaroni became aware about the 11/24/2025 a week later, a scheme was put into action to trick the Plaintiff into agreeing to a (15) day extension. It became evident to Mr. Marsenovic during his call with Plaintiff that she was completely unaware of the missed deadline. (Exhibit A)

A review of Plaintiff's file would have informed Ms. Lavaroni, Mr. Marsenovic and Ms. Duffy that Plaintiff was Pro Se, her request to file electronically was denied by the court, and she had not entered a Default Judgement after 11/24/2025. After Counsel's call and email on 12/02/2025, Counsel immediately filed with court on morning of 12/03/2025, removing Ms. Lavoroni as Lead Counsel. Ms. Duffy and Mr. Marsenovic were designated as counsel for all (4) defendants. This filing effectively stop Plaintiff's ability to seek a Default Judgment. The plaintiff was still not aware about her right to a default judgment. Counsel submitted a Motion for an extension to file their answer to Plaintiff's SAC.

Plaintiff spent all night on 12/03/2025 to draft and file her own Pleading after a heated email exchange with Ms. Duffy. (Exhibit E). Ms. Duffy (located 100 miles away in San Jose) refused service of the Plaintiff's Pleading and did not allow the process server to enter the building. The process server left the Pleading with the building's security, who, it appears at the direction of Ms. Duffy, refused to provide his name. (Exhibit F).

Page 5

**1**   **PLAINTIFF'S ANSWER TO COUNSEL'S MOTION**

**2**       First, the method of "hand-served" did not prevent Counsel from missing the

**3**   11/24/2025 deadline. Plaintiff's SAC was filed and served to the designated lead counsel, Ms.

Lavaroni, on 11/03/2025. Ms. Lavaroni was in receipt of, and/or had access to Plaintiff's SAC

**4**   in PACER. Plaintiff can confirm the SAC was docketed #33 in PACER. SAC was filed on

**5**   11/03/2024 and entered on 11/04/2025. It was available to Counsel since 11/04/2025.

**6**   Plaintiff's method of "hand-served" was not the cause of Counsel missing their 11/24/2025

**7**   deadline. The SAC was served and accepted by staff Arisa Oshira, "Authorized to Accept", as

shown in Exhibit A, provided with Mr. Marsenovic's Declaration.

**8**
       Second, Plaintiff immediately located and had On Demand Legal (process server) file

**9**   the missing proof of service, on 12/02/2025, following the call with Mr. Marsenovic. It was

**10**  docketed #34, in PACER. Counsel submitted their Designation of Counsel for Defendants and

**11**  Motion for Extension of Time to File Answer, collectively on 12/03/2025, docketed at #35

**12**  and #36, respectively. Plaintiff's SAC and proof of service were already entered and available

in PACER. Mr. Marsenovic included Plaintiff's proof of service (DOC #34) as Exhibit A but

**13**  ignored the Plaintiff's SAC (DOC #33).

**14**
       Third, it appears this oversight was intentional by Counsel. It raises serious concerns

**15**  with both Mr. Marsenovic's Declaration, and Ms. Duffy's Motion, filed with the Court on

**16**  12/03/2025. Mr. Marsenovic states in his Declaration, "I am fully familiar with the case file

**17**  and its contents, including the pleadings. I am also familiar with the correspondence and

litigation activity in this case,", including, "Ms. Duffy and I were unaware of the hand-served

**18**  SAC until December 2, 2025." Related, Ms. Duffy's Motion states, under Statement of Facts,

**19**  "Ms. Duffy and Mr. Marsenovic were unaware of the hand-served SAC until December 2,

**20**  2025. Notably, Plaintiff did not file her proof of service until December 2, 2025."

Page 6

1   Counsel referenced Plaintiff's proof of service and downloaded it to include as Exhibit

2   A in Mr. Marsenovic's Declaration. This is confirmation they were privy to, and also had

3   access to the SAC in PACER, filed right before the proof of service. Plaintiff's method of

4   delivery (hand-served) and lack of a timely filed proof of service were not the cause of

    Counsel missing their deadline by more than a week.

5   Fourth, the Plaintiff had a major surgery earlier this year on 01/31/2025. The Plaintiff

6   had a fall that resulted in broken bone and a complete achilles tendon rupture. The Plaintiff

7   was bed bound post-surgery for months, followed by months of physical therapy learning to

8   walk and safely use the stairs. She is left with a surgical scar that goes from the bottom of her

    foot to her calf. The Plaintiff requested to file electronically via PACER due to her surgery

9   and the court denied this request. Despite her surgery, followed by months of disability, the

10  Plaintiff did her due diligence and made arrangements for a ride to the court, walked up those

11  stairs, stood in line and filed her complaint to meet the Court's deadline of 11/03/2025.

12  Fifth, Ms. Duffy's argument "counsel has acted in good faith" is manipulative, false,

13  and a scheme. The Plaintiff was not granted access to file electronically via PACER, but

    Counsel had both access (and convenience) of filing on time to meet the deadline of

14  11/24/2025. Ms. Lavaronic, a "Principal" at JACKSON LEWIS P.C. (Sacramento), and

15  designated lead counsel for defendants, showed a complete indifference to the deadline she

16  missed by more than a week. Ms. Lavaroni, still the lead counsel on 12/02/205, did not make

17  the call herself to speak with Plaintiff; it was Mr. Marsenovic, an Associate, in the same

18  office. After an unsuccessful attempt to get the Plaintiff to agree to a (15) day extension,

    Counsel proceeded with another scheme.

19  Once Counsel became aware Plaintiff did not know about their missed deadline,

20  mistakenly thought the deadline for Defendants was 12/03/2025, and never mentioned a

Page 7

Default Judgment, immediate action was taken to to remove Ms. Lavaroni as lead counsel, replaced by Ms. Duffy (new lead counsel), and Mr. Marsenovic. Counsel then filed an instead motion for extension to file, and presented their argument of "excusable neglect" to the Court. Counsel shifted the blame onto Plaintiff's method of delivery, a.k.a "hand-served SAC"; they falsely argued the "the matter moving through multiple hands" as a reason for the missed deadline, but left out a glaring fact that Ms. Lavaronic, the lead designated counsel, missed the deadline, and was removed right before the motion was filed on the same day.

Sixth, Counsel's conduct towards Plaintiff is highly unethical. Plaintiff's prejudice goes far beyond "just a 30-day delay". The audacity for Counsel to make such a statement when they were fully aware of the scheme they had put into action against the Plaintiff is shameful for JACKSON LEWIS P.C.; it is despicable and inexcusable conduct by Counsel.

This incident is an example of the trauma Plaintiff experienced with the Defendant's previous counsel, Mr. Bruce Sarchet, from Litter Mendelson. The Plaintiff was kept in a room, not allowed to leave and coerced into signing a severance agreement, giving up all her rights because of Ms. Phyllis Cheng, Mr. Sarchet's former colleague, and former Director of California's Civil Rights Department. This has become a core memory for the Plaintiff because of the trauma she suffered, and she also witnessed how Defendants used money and influence, to silence her ability to speak about her experience, and those of others.

When Plaintiff found out Counsel had attempted to deceive her about their missed deadline to get an extension, the memories from what happened six years ago came back. What followed was a heated email exchange with Ms Duffy on 12/03/2025. Ms. Duffy and Mr. Marsenovic's actions were in-line with the deception and manipulation the Plaintiff experienced at the hands of the Defendant's previous counsel. Plaintiff incurred hundreds of dollars in cost, paid with her credit card, to stop the Counsel's scheme. Plaintiff will be

Page 8

outmatched by Counsel's resources, money, time and legal training; she will be no-match to their trickery, tactics, gamemanship, and schemes.

The Court should NOT reward such gross misconduct and egregiously unethical behavior. The Notification of Designation of Counsel for Defendants, Ms. Duffy's Motion, and Mr. Marsenovic Declaration, were filed strategically with the court to hide the fact that Ms. Lavaroni was the lead counsel from 09/29/20 until 12/03/2025; she was served the SAC properly and on time; the proof of service confirmed the SAC was accepted; and she had access to the SAC on PACER. Ms. Lavaroni had no reason to miss the 11/24/2025 deadline.

Ms. Lavaroni had simply failed to do her due diligence as the lead counsel; she missed the 11/24/2025 deadline by more than a week. Counsel should be held to their original deadline of 11/24/2025, and a Default Judgement should be granted for Plaintiff. As a Pro Se litigant, Plaintiff has met a higher bar of due diligence than Ms. Lavaroni; she did not miss her deadline, despite her (very real) barriers. Ms. Lavaroni's own lack of due diligence was the true cause of Counsel missing the 11/24/2025 deadline. It was not caused by Plaintiff's method of delivery, late filing of the proof of service, or previous counsel.

Plaintiff is requesting a default judgment to be entered against the Defendant. The plaintiff is also requesting sanctions against Ms. Lavaroni, Ms. Duffy and Mr. Marsenovic.

Dated: 12/09/2025

By: _____
Sharon Chand, Pro Se

Page 9

Exhibit A

 Gmail

**Sharon Chand <sharon.s.chand@gmail.com>**

---

## Chand v. Alta California Regional Center, et al.

3 messages

---

**Marsenovic, Mark (Sacramento)** <Mark.Marsenovic@jacksonlewis.com>        Tue, Dec 2 at 1:55 PM
To: Sharon.S.Chand@gmail.com <Sharon.S.Chand@gmail.com>
Cc: Duffy, Maureen M. (Silicon Valley) <Maureen.Duffy@jacksonlewis.com>

Hi Sharon,


Thank you for taking the time to speak with me today regarding the *Chand v. Alta California Regional Center, et al*. matter. We have double-checked the file, and PACER, and it appears that the Second Amended Complaint has not yet been served onto Defendants. If our understanding is incorrect, please provide a copy of the proof of service. Please also note that it appears that you have not filed a proof of service through PACER either.


Best,

Mark


  **Mark Marsenovic**
Attorney at Law

**Jackson Lewis P.C.**
400 Capitol Mall.
Suite 1600
Sacramento, CA 95814
Direct: (916) 288-3021 | Main: (916) 341-0404
Mark.Marsenovic@jacksonlewis.com | www.jacksonlewis.com

---

**Sharon Chand** <sharon.s.chand@gmail.com>        Tue, Dec 2 at 2:58 PM
To: Marsenovic, Mark (Sacramento) <Mark.Marsenovic@jacksonlewis.com>
Cc: <Maureen.Duffy@jacksonlewis.com>

**Hello, Mark.**

**I used a process server.**

**I'm confused by your question. Are you not the attorneys for the defendants? Should**

the amended complaint not have been served to you?

I'm looking into why the proof of service is not with the court.

Also, I looked into the legal code (3.110) you gave me. It's for California but my case is filed in federal court.

I'm confused by what you told me on the phone. You said you needed time to "fix deficiencies" with MY complaint because it was not in line with the judges order? Are you referring to the proof of service you could not find with the court?

As you're aware, I don't have council. I'm not quite understanding what I need to do here? Are you making me aware there is not a proof of service with the court or the defendants were not served ins timely manner?

I will reach out to the Judge because I had paid for the server to have the complaint served to your office. I was not aware the defendants had to be served individually again. If there are any deficiencies with my filing, I will be more than happy to get it corrected and let the Judge know.

Thank you for bringing this to my attention.


**Thanks, Sharon**

[Quoted text hidden]

---

**Sharon Chand** <sharon.s.chand@gmail.com>                                    Tue, Dec 2 at 3:41PM
To: Marsenovic, Mark (Sacramento) <Mark.Marsenovic@jacksonlewis.com>
Cc: <Maureen.Duffy@jacksonlewis.com>

Hello, Mark.

Can you please confirm if the complaint needs to be served to all the defendants listed in the complaint?

I will make arrangements right away and let the Judge know the complaint was served to your office only, in error.

Please let me know if this is the deficiencies with my filing and I will take care of it right away.

I will let the Judge know about my error and misunderstanding of the process.

Thank you, Sharon.
[Quoted text hidden]

Exhibit B

 **Gmail**

Sharon Chand <sharon.s.chand@gmail.com>

## Delivery Notification for ODL Order No.: 280139.00 | Client ref.:Chand v Lori Lynn rich-Bannales, an individual, et Chand v Lori Lynn rich-Bannales, an individual, et

1 message

**Contact Us** <contactus@odlegal.net>
Reply-To: contactus@odlegal.net
To: contactus@odlegal.net, Sharon.s.chand@gmail.com

Mon, Nov 3, 2025 at 11:41 AM

Order 280139.00 was delivered at 11/03/25 11:40 AM.
Served/Delivered to: Arisa Oshiro -administrative Assistant
Base Rate          105.00
C.C. Convenience Fee     5.51
Fuel Surcharge        5.25

3 Miles

Reference1: Chand v Lori Lynn rich-Bannales, an individual, et
Reference2: Chand v Lori Lynn rich-Bannales, an individual, et
Local Process SPECIAL (1 to 24 Hours)
Document List: Second Amended Complaint
Instructions: JACKSON LEWIS- SPECIAL-DO TODAY! | CCP Â§1011a - Serve Attorney Direct or Serve Receptionist or Leave at Reception between 9am and 5pm. | Please have the documents in an envelope and addressed to the attorney(s) and address for service.


Order placed  by: Sharon Chand 408-931-3574

Origin
-------------------------
Odl
2525 Natomas Park DrSte 330
Sacramento CA 95833

Destination
-------------------------
Kaitlyn L. Lavaroni, Jillian P. Vallejo
400 Capitol MallSuite 1600
Sacramento CA 95814
Service Instruction: JACKSON LEWIS- SPECIAL-DO TODAY! | CCP Â§1011a - Serve Attorney Direct or Serve Receptionist or Leave at Reception between 9am and 5pm. | Please have the documents in an envelope and addressed to the attorney(s) and address for service.

Details
-------------------------
Pieces: Weight: Ready for pickup: 11/03/25 10:28 AM
Due: 11/03/25 12:28 PM

Exhibit C

 Gmail

**Sharon Chand <sharon.s.chand@gmail.com>**

## Sharon S. Chand v. Rich-Banales, et al.

1 message

**Bickford, Kristina (Sacramento)** <Kristina.Bickford@jacksonlewis.com>    Mon, Sep 29, 2025 at 11:48 AM
To: "Sharon.S.Chand@gmail.com" <Sharon.S.Chand@gmail.com>
Cc: "Lavaroni, Kaitlyn L. (Sacramento)" <Kaitlyn.Lavaroni@jacksonlewis.com>, "Vallejo, Jillian (Sacramento)"
<Jillian.Vallejo@jacksonlewis.com>

Good morning. Attached please find a courtesy copy of:

- **NOTICE OF DESIGNATION OF COUNSEL FOR DEFENDANTS**

A copy of the same has been mailed to you. Thank you.



**Kristina Bickford**
Legal Secretary

**Jackson Lewis P.C.**
400 Capitol Mall.
Suite 1600
Sacramento, CA 95814
Direct: (916) 403-8657 | Main: (916) 341-0404
Kristina.Bickford@jacksonlewis.com | www.jacksonlewis.com

---

📄 **2025.09.29 Notice of Designation of Counsel for Defendants [Alta Regional - Chand].pdf**
46K

1   JACKSON LEWIS P.C.
    KAITLYN L. LAVARONI (SBN 313366)
2   JILLIAN P. VALLEJO (SBN 359011)
    400 Capitol Mall, Suite 1600
3   Sacramento, California 95814
    Telephone:    (916) 341-0404
4   Facsimile:    (916) 341-0141
    Email: Kaitlyn.Lavaroni@jacksonlewis.com
5         Jillian.Vallejo@jacksonlewis.com

6   Attorneys for Defendants
    LORI LYNN RICH-BANALES,
7   PHILIP J. BONNET, JENNIFER LYNN CRICK,
    ALTA CALIFORNIA REGIONAL CENTER
8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12   SHARON S. CHAND,                          CASE NO. 2:23-cv-01583-DC-SCR

13              Plaintiff,                      **NOTICE OF DESIGNATION OF**
                                               **COUNSEL FOR DEFENDANTS**
14         v.

15   LORI LYNN RICH-BANALES, an individual;
     PHILIP J. BONNET, an individual;
16   JENNIFER LYNN CRICK, an individual;
     ALTA CALIFORNIA REGIONAL CENTER,
17   an organization,

18              Defendants.

19                                             Second Amended Complaint Filed: 10.25.2023
                                               Trial Date: Not Yet Set
20

21

22         **TO THE HONORABLE COURT, AND TO PLAINTIFF SHARON S. CHAND**

23   **AND HER ATTORNEYS OF RECORD:**

24         NOTICE IS HEREBY GIVEN that, effective immediately, Gaurav Bobby Kalra

25   (State Bar No. 219483) is no longer counsel of record, and therefore should be removed from this

26   action as counsel for Defendants LORI LYNN RICH-BANALES, PHILIP J. BONNET,

27   JENNIFER LYNN CRICK, and ALTA CALIFORNIA REGIONAL CENTER ("Defendants").

28   ///

                                              1
     Notice of Designation of Counsel for              Case No. 2:23-cv-01583-DC-SCR
     Defendants

1    NOTICE IS FURTHER GIVEN that Kaitlyn L. Lavaroni (State Bar No. 313366) and

2    Jillian P. Vallejo (SBN 359011) of Jackson Lewis P.C. are designated as counsel for Defendants

3    LORI LYNN RICH-BANALES, PHILIP J. BONNET, JENNIFER LYNN CRICK, and

4    ALTA CALIFORNIA REGIONAL CENTER for all purposes in this action.

5    All pleadings, correspondence, and other case-related information in the future should be

6    served on Ms. Lavaroni and Ms. Vallejo as follows:

7    **New Handling Attorney and Lead Counsel of Record:**
     Kaitlyn L. Lavaroni (State Bar No. 313366) (**Lead**)
8    Kaitlyn.Lavaroni@jacksonlewis.com
     JACKSON LEWIS P.C.
9    400 Capitol Mall, Suite 1600
     Sacramento, California 95814
10   Telephone: (916) 341-0404

11   **Associate Counsel:**
     Jillian P. Vallejo (SBN 359011)
12   Jillian.Vallejo@jacksonlewis.com
     JACKSON LEWIS P.C.
13   400 Capitol Mall, Suite 1600
     Sacramento, California 95814
14   Telephone: (916) 341-0404

15

16   Dated: September 29, 2025                JACKSON LEWIS P.C.

17

18                                            By: _/s/ Kaitlyn L. Lavaroni_____
                                                  Kaitlyn L. Lavaroni
19                                                Jillian P. Vallejo

20                                            Attorneys for Defendants
                                              LORI LYNN RICH-BANALES,
21                                            PHILIP J. BONNET, JENNIFER LYNN
                                              CRICK, ALTA CALIFORNIA REGIONAL
22                                            CENTER

23

24

25

26

27

28

                                        2

1

## **PROOF OF SERVICE**

2

I am employed in the County of Sacramento, State of California.  I am over the age of 18 and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

3

4

On September 29, 2025, I served the foregoing document described as:

5

## **NOTICE OF DESIGNATION OF COUNSEL FOR DEFENDANTS**

6

in this action by transmitting a true copy thereof addressed as follows:

7

| | |
|---|---|
| Sharon S. Chand<br>3074 Copper Rose Walk<br>Sacramento, CA 95833<br>Telephone: (408) 931-3574<br>Email: Sharon.S.Chand@gmail.com | **PRO SE** |

8

9

10

11

**[X]**   **BY MAIL** – By causing a true and correct copy thereof enclosed in a seal envelope with postage thereon fully prepaid for deposit in the United State Post Office mailbox, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for collection and processing of mail, of which I am readily familiar, and addressed as set forth above. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service. [(**X**) *Courtesy copy by e-mail/fax*.]

12

13

14

15

**[X]**   **E-MAIL OR ELECTRONIC TRANSMISSION** - Based on California Code of Civil Procedure Section 1010.6(b)(2) and/or California Rules of Court, rule 2.241(c)(3), I caused the document(s) described above to be sent from e-mail address kristina.bickford@jacksonlewis.com  to the person(s) at the e-mail address(es) listed above.

16

17

18

**[ ]**   **BY OVERNIGHT DELIVERY**:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

19

**[X]**   **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

20

21

Executed on September 29, 2025, at Sacramento, California.

22

*/s/ Kristina Bickford*
Kristina Bickford

23

24

25

26

27

28

Exhibit D

 Gmail

Sharon Chand <sharon.s.chand@gmail.com>

## RE: Sharon S. Chand v. Lori Lynn Rich-Banales, et al.; Case No. 2:23-cv-01583-DC-SCR - Scheduled call on December 13th at 10:00 am
2 messages

**Duffy, Maureen M. (Silicon Valley)** <Maureen.Duffy@jacksonlewis.com>    Wed, Dec 3, 2025 at 10:10 AM
To: Sharon Chand <sharon.s.chand@gmail.com>, "Torres, Valynn (Silicon Valley)" <Valynn.Torres@jacksonlewis.com>
Cc: "Marsenovic, Mark (Sacramento)" <Mark.Marsenovic@jacksonlewis.com>

Hi Sharon,

Thank you for your email, and your phone call just now. As discussed, we are filing our response at this moment.

Also as discussed, we are scheduled to discuss possible resolution of this matter on Saturday, December 13th at 10:00 am. I will send you an invitation under separate email.

As we also discussed, if you have any questions between now and our meeting, please reach out to me via email or phone, as noted in my signature block below.

Best regards,



**Maureen M. Duffy**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2275 | Main: (408) 579-0404
Maureen.Duffy@jacksonlewis.com | www.jacksonlewis.com

**From:** Sharon Chand <sharon.s.chand@gmail.com>
**Sent:** Wednesday, December 3, 2025 9:51 AM
**To:** Torres, Valynn (Silicon Valley) <Valynn.Torres@jacksonlewis.com>
**Cc:** Duffy, Maureen M. (Silicon Valley) <Maureen.Duffy@jacksonlewis.com>; Marsenovic, Mark (Sacramento) <Mark.Marsenovic@jacksonlewis.com>
**Subject:** Re: Sharon S. Chand v. Lori Lynn Rich-Banales, et al.; Case No. 2:23-cv-01583-DC-SCR - Notice of Designation of Counsel

Hello, Maureen.

This complaint was already served 30 days ago. Today is the deadline for your answer to the amended complaint.

Am I required to serve you as a new council even though it's the same law firm?

Please let me know as soon as possible.

Thank you,

Sharon

On Wed, Dec 3, 2025 at 9:44 AM Torres, Valynn (Silicon Valley) <Valynn.Torres@jacksonlewis.com> wrote:

> Dear Ms. Chand:
>
> As a courtesy, attached please find the Notice of Designation of Counsel for Defendants for your review and records. The original will follow via U.S. mail.  Thank you.
>
>
> Regards,
>
>  **Valynn R. Torres**   (She/Her)
>
> **Legal Secretary**
>
> **Jackson Lewis P.C.**
>
> 160 W Santa Clara St.
> Suite 400
>
> San Jose, CA 95113
>
> Direct: (408) 513-2264 | Main: (408) 579-0404
>
> Valynn.Torres@jacksonlewis.com | www.jacksonlewis.com

---

**Sharon Chand** <sharon.s.chand@gmail.com>
To: "Duffy, Maureen M. (Silicon Valley)" <Maureen.Duffy@jacksonlewis.com>
Cc: "Torres, Valynn (Silicon Valley)" <Valynn.Torres@jacksonlewis.com>, "Marsenovic, Mark (Sacramento)" <Mark.Marsenovic@jacksonlewis.com>

Wed, Dec 3, 2025 at 11:13 AM

Im in receipt of the recap email below. Thank you.

[Quoted text hidden]

 **Gmail**

Sharon Chand <sharon.s.chand@gmail.com>

## Call with Sharon Chand regarding possible resolution of matter
1 message

**Duffy, Maureen M. (Silicon Valley)** <Maureen.Duffy@jacksonlewis.com>  Wed, Dec 3, 2025 at 10:12 AM
To: Sharon Chand <sharon.s.chand@gmail.com>
Cc: "Marsenovic, Mark (Sacramento)" <Mark.Marsenovic@jacksonlewis.com>

# Microsoft Teams Need help?

## Join the meeting now

Meeting ID: 269 046 247 395 1

Passcode: 39kC9js9

### Dial in by phone

+1 716-304-0311,,914369382# United States, Niagara Falls

Find a local number

Phone conference ID: 914 369 382#

### Join on a video conferencing device

Tenant key: teams@meet.jacksonlewis.com

Video ID: 114 161 054 2

More info

For organizers: Meeting options I Reset dial-in PIN

# JacksonLewis

📄 **invite.ics**
5K

Exhibit E

 Gmail

Sharon Chand <sharon.s.chand@gmail.com>

## Sharon S. Chand v. Lori Lynn Rich-Bannales, et al.; Case No. 2:23-cv-01583-DC-SCR (PS) - Motion for Extension of Time

4 messages

**Torres, Valynn (Silicon Valley)** <Valynn.Torres@jacksonlewis.com>    Wed, Dec 3, 2025 at 11:51 AM
To: Sharon Chand <sharon.s.chand@gmail.com>
Cc: "Duffy, Maureen M. (Silicon Valley)" <Maureen.Duffy@jacksonlewis.com>, "Marsenovic, Mark (Sacramento)"
<Mark.Marsenovic@jacksonlewis.com>

Dear Ms. Chand:

As a courtesy, attached please find the following:

1. DEFENDANTS' NOTICE OF MOTION AND MOTION FOR EXTENSION OF TIME TO FILE
   RESPONSIVE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES;
2. DECLARATION OF MARK MARSENOVIC IN SUPPORT OF DEFENDANTS' MOTION FOR
   EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS;
3. [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR EXTENSION OF TIME TO FILE
   RESPONSIVE PLEADING.

For your review and records.  The original will follow via U.S. mail.  Thank you.

Regards,



**Valynn R. Torres**  (She/Her)
Legal Secretary

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2264 | Main: (408) 579-0404
Valynn.Torres@jacksonlewis.com | www.jacksonlewis.com

---

**3 attachments**

📄 **2025.12.3 - Defendant's Notice of Motion and Motion to for Extension of Time (Chand v. Alta).pdf**
23K

📄 **2025.12.3 - Proposed Order re Motion for Extension of Time (Chand v. Alta).pdf**
40K

📄 **2025.12.3 - Dec of Mark Marsenovic ISO Motion For Extension of Time (Chand v. Alta).pdf**
82K

**Sharon Chand** <sharon.s.chand@gmail.com>                          Wed, Dec 3, 2025 at 2:40 PM
To: "Torres, Valynn (Silicon Valley)" <Valynn.Torres@jacksonlewis.com>
Cc: "Duffy, Maureen M. (Silicon Valley)" <Maureen.Duffy@jacksonlewis.com>, "Marsenovic, Mark (Sacramento)"
<Mark.Marsenovic@jacksonlewis.com>

Thank you for the update.

But what you have filed with the courts is not what happened. I received a call from Mark yesterday around 11. We had never spoken before.

He told me he was contacting me because there were deficiencies with my filing that he needed to fix. I found the phone call to be odd at best. He told me my filings were not in line with the judges order. He told me he needed 15 days to get it fixed.

This is quite misleading, Maureen. It appears you were not honest with me. You had missed the deadline and now you file this motion after speaking with me. That was the true nature of the call from Mark. He kept speaking in circles without telling me the reason why he was calling me.

You had missed the deadline and you had Mark give me a call and give me misleading information to agree to an extension. There was nothing wrong with my filing. I had met the deadline.

I had to arrange a ride, climb up those stairs, stand in line to file my paperwork. You have an entire team and access to Pacer which I do not. If you wanted an extension, you could have been straightforward and asked me for one. That is not what you did.

The nature of your call had to do with the fact that you had missed your own deadline. And Mark's phone call was quite misleading to tell me there were deficiencies with my filing. The fact is it was with you missing the deadline.

I've already dealt with ACRC's lawyers who got me to sign a severance package by misleading me about my rights. The former director of California civil rights division helped them into having me waive away my right. And now you guys give me a phone call trying to give me a bullshit reason because you missed your own deadline.

I have to go file my claim, months of unable to walk. Why should the judge allow you an extension when I wasn't allowed to file my claims electronically? Your call was meant to deceive me. This has been my experience all along with ACRC and this just adds to my story about how they do business. Your services are paid tax payer money.

I will be reaching out to the Attorney General. You are being paid with taxpayer. Your filing with a court is not a true account of what happened.

You can cancel that meeting scheduled in two weeks.

I'm not OK with this.
[Quoted text hidden]

---

**Duffy, Maureen M. (Silicon Valley)** <Maureen.Duffy@jacksonlewis.com>               Wed, Dec 3, 2025 at 4:12 PM
To: Sharon Chand <sharon.s.chand@gmail.com>, "Torres, Valynn (Silicon Valley)" <Valynn.Torres@jacksonlewis.com>
Cc: "Marsenovic, Mark (Sacramento)" <Mark.Marsenovic@jacksonlewis.com>

Hi Sharon,

Thank you for your recent note and thank you for your note and your call this morning. As you may recall, you called me this morning and asked if you needed to re-serve your Second Amended Complaint as my colleague and I were newly assigned to the matter. I informed you that we were not your attorneys, but as far as we knew, there was nothing further for you to do at this time with regards to service. I also informed you that we were in the process of filing our completed response to your Second Amended Complaint as you and I were speaking on the phone. Please note that the representations made within the Motion are accurate. Thank you for stating, or at least implying, that you would have provided us with an extension of time. Your professional courtesy is appreciated. However, as noted in the Motion, we had no choice but to make the request to the Court.

We do hope we can continue to communicate, and that you reconsider our scheduled meeting for Saturday, December 13th. There is a great deal to discuss, and we would appreciate the opportunity to do so. While we would prefer it if you would refrain from using unprofessional language in your communications with us, we do value frankness.


Best regards,


Maureen




**Maureen M. Duffy**  (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
160 W Santa Clara St.
Suite 400
San Jose, CA 95113
Direct: (408) 513-2275 | Main: (408) 579-0404
Maureen.Duffy@jacksonlewis.com | www.jacksonlewis.com

[Quoted text hidden]

---

**Sharon Chand** <sharon.s.chand@gmail.com>                                    Wed, Dec 3, 2025 at 4:35 PM
To: "Duffy, Maureen M. (Silicon Valley)" <Maureen.Duffy@jacksonlewis.com>
Cc: "Torres, Valynn (Silicon Valley)" <Valynn.Torres@jacksonlewis.com>, "Marsenovic, Mark (Sacramento)"
<Mark.Marsenovic@jacksonlewis.com>

You were not honest with me. Either you or Mark told me you had missed your own deadline. That is not what the call was about. And please don't take liberty with stating that I would have granted you an extension after the stunt you pulled.

This is what you attempted to do with a call made by Mark. You attempted to get me to agree to an extension by telling me there was deficiencies with my filing, and it was not in line with the judges order. This is exactly what Mark said to me.

You did not call me to tell me you had missed your own deadline and were requesting an extension. This is not what the call was about Maureen. Mark told me there was deficiencies with my filing. Mark told me he needed 15 days to fix the deficiencies with the court.

I replied that I will reach out to the judge and let them know if I had a misunderstood of the process of filing my complaint, I would fix it. You only filed this request today after I told you I was going to reach out to the judge. Nothing you filed with the court was communicated to me.

At no point did you or Mark tell me that the call was about an extension. Mark said they were deficiencies with my filing and not in line with the orders of the court. That is extremely misleading and manipulative. I told you and Mark I don't have council. I did not understand the nature of the call.

He gave me a legal code for California. I sent two follow up emails asking for clarification and none was provided by your office. You and your office are trained lawyers, I am not one. You started your first communication with me by hiding the true intent and nature of your call.

You have already filed with a court. I will do so as well. What you did was dishonest and it was manipulative. It was done with the intention to deceive me. I don't have the convenience to file electronically via pacer like you do. Then you went

Case 2:23-cv-01583-DC-SCR    Document 39    Filed 12/09/25    Page 29 of 32

ahead and filed your paperwork after telling me a different story.

Nothing of your interaction speaks of integrity or honesty.
[Quoted text hidden]

Exhibit F

# Bender's Legal Service, Inc.

| | | |
|---|---|---|
| **Thursday December 04, 2025** | ***INVOICE*** | **chandSS.314683** |

1625 The Alameda
Suite 511
San Jose, CA 95126
Telephone: 408 286-4182 , FAX: 408 298-4484 Tax ID: 45-3753575

Sharon S. Chand
3074 Copper Rose Walk
Sacramento CA 95833

Case #: 2:23-CV-01583-DC-SCR(PS)
Court: U.S. District Court, Eastern District of California
Title: Sharon Chand vs. Lori Lynn Rich-Babbales, et al
Documents: Plaintiff's Pleading to Deny Defendants' Notice of Motion for Extension
of Time to File Resoponding Pleading

| Date | Description | Amount |
|---|---|---|
| 12/04/25 02:45PM | Warm Body CCP 1011: Maureen Duffy, AT Business Jackson Lewis, P.C. 160 West Santa Clara San Jose, CA 95113, by serving: Marueen Duffy, by leaving a copy of the Documents with: "John Doe" - Security Guard, Latino, Male, 38 Years Old, Black Hair, Brown Eyes, 5 Feet 8 Inches, 165 Pounds, Served By: Krystal M. Wallace. | |
| 12/04/25 | Process Service | 85.00 |
| 12/04/25 | Rush (within 72 hrs local or 1 week out of county) | 35.00 |
| 12/04/25 | Deposit On Invoice  Check Number: cc, Thank You! | -120.00 |
| | **Balance Due** | **0.00** |

**Pay either by invoice or by the statement sent the first of the month.**

**We accept all major credit cards.**

**New - you can now pay on-line!  Go to www.benderslegal.com and click on Make a Payment in the upper right corner.**

| *Attorney or Party without Attorney:*<br>Sharon S. Chand<br>3074 Copper Rose Walk<br>Sacramento, CA 95833<br>*Telephone No:* 408-931-3574<br><br>*Attorney for:* Plaintiff | | | | *For Court Use Only* |
|---|---|---|---|---|
| | *Ref. No. or File No.:* | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>  U.S. District Court, Eastern District of California | | | | |
| *Plaintiff:* Sharon Chand<br>*Defendant:* Lori Lynn Rich-Babbales, et al | | | | |
| **PROOF OF SERVICE** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>2:23-CV-01583-DC-SCR(PS) |

*1.  At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Plaintiff's Pleading to Deny Defendants' Notice of Motion for Extension of Time to File Resoponding Pleading

*3.  a. Party served:*               Maureen Duffy
   *b. Person served:*             Marueen Duffy

*4.  Address where the party was served:*        Jackson Lewis, P.C.
                                     160 West Santa Clara
                                     Suite 400
                                     San Jose, CA 95113

*5.  I served the party:*
   **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
   process for the party on: Thu., Dec. 04, 2025 at: 2:45PM, to the person(s) indicated below in the manner as provided in 1011
   CCP:

                                     "John Doe" - Security Guard, Latino, Male, 38 Years Old, Black Hair, Brown
                                     Eyes, 5 Feet 8 Inches, 165 Pounds

*7.  Person Who Served Papers:*                        Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. Krystal M. Wallace                  d.  *The Fee for Service was:*    $120.00
   **b. Bender's Legal Service, Inc.**        e.  I am: (3)  registered Califoria process server
      1625 The Alameda                         *(i)*   Owner
      Suite 511                                *(ii)   Registration No.:*      PS1862
      San Jose, CA 95126                       *(iii)  County:*               Santa Clara
   c. 408 286-4182, FAX 408 298-4484           *(iv)  Expiration Date:*       Tue, May. 05, 2026

*8.  I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of
   America that the foregoing is true and correct.
   Date: Thu, Dec. 04, 2025*

**Judicial Council Form**                    **PROOF OF SERVICE**        (Krystal M. Wallace)
Rule 2.150.(a)&(b) Rev January 1, 2007                                          *chandss.314683*